**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5621-15T4

DEUTSCHE BANK TRUST COMPANY
AMERICAS, AS TRUSTEE FOR
RESIDENTIAL ACCREDIT LOANS,
INC., MORTGAGE ASSET - BACKED
PASS - THROUGH CERTIFICATES
SERIES 2006 - QS8,

    Plaintiff-Respondent,

v.

WILLIAM ALDANA,

    Defendant-Appellant,

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR AFM MORTGAGE
CORP.,

    Defendant.

_____

Submitted September 27, 2017 — Decided October 17, 2017

Before Judges Nugent and Currier.

On appeal from Superior Court New Jersey, Chancery Division, Union County, Docket No. F-025594-15.

William Aldana, appellant pro se.

Greenberg Traurig, LLP, attorneys for respondent (Brian Pantaleo and Paige Nestel, of counsel and on the brief).

PER CURIAM

In this residential foreclosure action, defendant William Aldana appeals the June 23, 2016 order entering final judgment. After a review of the contentions in light of the record and applicable legal principles, we affirm.

We discern the following facts and procedural history from the record on appeal. On April 4, 2006, defendant executed a note to AFM Mortgage for $350,000 and a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for AFM, to secure the note.

Defendant defaulted on the loan on June 1, 2009. On April 6, 2010, MERS assigned the mortgage to plaintiff, Deutsche Bank Trust Company Americas. The assignment was recorded on April 9, 2010.

A complaint for foreclosure was filed on July 22, 2015. Defendant filed an answer denying the allegations. In response to plaintiff's motion for entry of final judgment, defendant filed a motion requesting a denial of the application, arguing that plaintiff did not have possession of the note, and, therefore, did not have standing to foreclose.

A-5621-15T4

On June 20, 2016, the Chancery judge denied defendant's motion, stating that "Defendant's challenge to Plaintiff's standing is meritless as evidenced by the true copies of . . . documents [that are] attached to the final judgment packet." Final judgment was entered on June 23, 2016.

On appeal, defendant renews his argument that plaintiff did not own or possess the note at the time the complaint was filed, and, therefore, lacked standing to foreclose.

Defendant's argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(1)(E). We add only the following comments.

In order to have standing, the "party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). Standing is conferred by "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)).

Here, we are satisfied that plaintiff established a prima facie case for foreclosure. Plaintiff clearly demonstrated its standing to foreclose on the property based on the assignment of

the mortgage from MERS, which predated the July 22, 2015 filing of the foreclosure complaint. Upon that assignment, and underlying transfer of possession, plaintiff became the holder of the instrument. Additionally, the Chancery judge advised that plaintiff provided a copy of the note and mortgage as exhibits in its final judgment motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5621-15T4